# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# BATESVILLE DIVISION

ANGELA DENISE WILSON                                                                                PLAINTIFF
ADC #708565

V.                                          NO: 1:08CV00041 BSM/HDY

JOHN MAPLES *et al.*                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

    Mail your objections and "Statement of Necessity" to:
        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the McPherson Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on July 15, 2008, alleging that she is being harassed and disciplined because of her race and hairstyle.

On November 17, 2009, a pre-jury evidentiary hearing was held. That same day, the undersigned entered a partial recommended disposition as to one Defendant, in which it was noted that a determination of whether Plaintiff had presented sufficient evidence to proceed to jury trial against the other Defendants would be deferred until the parties had an opportunity to file motions for summary judgment (docket entry #162).

Defendants filed a motion for summary judgment, a brief in support, and a statement of facts, on December 17, 2009 (docket entries #170-172). Plaintiff filed a response on December 28, 2009 (docket entry #176).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

In her complaint, and at the hearing, Plaintiff, an African-American, made broad allegations of racial discrimination in connection with her hairstyle. According to Plaintiff, she is entitled by ADC policy to wear an "Afro" hairstyle, as long as her hair does not reach her shoulders.

The essence of Plaintiff's complaint is that Defendants' interpretation and enforcement of the ADC grooming policy is unconstitutional. However, reasonable regulation of a prisoner's hair length when necessary for security reasons is not a constitutional violation. *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). The ADC grooming policy provides:

> Inmate's hair must be worn loose, clean and neatly combed. No extreme styles are permitted, including but not limited to corn rows, braids, dread locks, mohawks, etc. The hair of male inmates must be cut so as to be above the ear, with sideburns no lower than the middle of the ear lobe and no longer in the back than the middle of the nape of the neck. Female inmates may wear their hair no longer than shoulder length.

Plaintiff received at least three disciplinary charges for wearing her hair in an "Afro" style,

which were reversed by Warden Maples (docket entry #171, #20), and Maples issued a memo on July 7, 2008, approving the wearing of an Afro hairstyle for female inmates as long as the hair did not exceed four inches in length. *Id*. Nothing in the ADC's hair style policy is unreasonable, and it is therefore not unconstitutional on its face. To the extent that some prison officials may have initially misinterpreted the policy to prevent all Afro hairstyles, such failure to follow the policy is not itself a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Likewise a false disciplinary charge based on a misinterpretation of ADC policy is not itself a constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 458 U.S. 982 (1988)).

Plaintiff also contends that the policy is unconstitutional because it is applied to her in a discriminatory manner. However, in his July 7, 2008, memo, Maples clarified that the policy allowed Plaintiff to wear her hair in an Afro style of up to four inches in length, and Plaintiff has not identified any inmate of a different race who has been allowed to wear a similar hairstyle which did not comply with the restrictions imposed by ADC policy as clarified by Maples. Without such evidence, Plaintiff cannot maintain an equal protection claim. *See Weiler v. Purkett*, 137 F.3d 1047, 1051-52 (8th Cir.1998) (en banc) (elements of equal protection claim). Moreover, the Constitution prohibits only intentional or purposeful discrimination. *Klinger v. Department of Corrections*, 31 F.3d 727, 733 (8th Cir. 1994). Plaintiff introduced no evidence to suggest any intent to discriminate. Rather, the policy states that it is designed to "provide for the health and hygiene of incarcerated offenders, and to maintain a standard appearance throughout the period of incarceration, minimizing opportunities for disguise and for transport of contraband and weapons" (docket entry #171, exhibit A).

Although Plaintiff's primary complaint is that the ADC's regulation of her hairstyle is unconstitutional, Plaintiff has also raised vague claims that she is being retaliated against because of her complaints regarding the hair policy. This has allegedly taken the form of disciplinary charges, denial of privileges, and food tampering. From Plaintiff's complaint, and her hearing testimony, it is clear that the disciplinaries and denial of privileges were related to Plaintiff's refusal to comply with the grooming policy, which, as discussed above, is constitutionally valid.[1] Because the policy is constitutionally valid, Plaintiff had no right to violate it. The Eighth Circuit has held that "no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform." *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990). More recently, the Court has reiterated that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993). With respect to her allegation that her food is being tampered with, the undersigned observes that Plaintiff has introduced no evidence to support her speculation that her food is being poisoned.[2]

In summary, the testimony offered at the hearing, together with Defendants' motion for summary judgment and Plaintiff's response, make it clear that Plaintiff's entire complaint is based on her disagreement with the ADC policy regarding grooming standards. Nothing in the policy itself is unconstitutional, and Plaintiff has not identified any individuals of a different race who have been

---

[1] Plaintiff did describe incidents where she refused to moved from a bunk, and refused to answer questions when asked, but those also appear to have been in connection with officials' efforts to enforce the grooming policy.

[2] On December 4, 2008, Plaintiff filed what was docketed as a motion for injunctive relief in which she claimed that she was being slowly poisoned by prison officials (docket entry #43). That motion was denied on January 20, 2009 (docket entry #63).

allowed to keep noncompliant hairstyles without disciplinary sanction. Accordingly, Defendants are entitled to summary judgment.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #170) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   11   day of February, 2010.

UNITED STATES MAGISTRATE JUDGE